H. NELSON CURTICE, RESPONDENT, *v.* AMASA B. WEST, APPELLANT.

*Death of a witness during an adjournment of the hearings — right of a party to have those portions of the direct testimony, as to which he had not had an opportunity to cross-examine the witness, stricken out — not granted when the adjournment was had with the consent of the party making the motion.*

APPEAL from a judgment of the Monroe County Court, entered November 16, 1885, on the report of a referee against the defendant.

The action was brought to recover for materials furnished and work performed in the construction of a hotel building for the defendant. The defendant alleged that the materials were furnished and the work done under a contract which the plaintiff failed to perform, and that, as a consequence thereof, he had sustained damages to the extent of $1,000, for which he demanded judgment.

The court at General Term, after considering certain exceptions made by the defendant and correcting them, said: "The plaintiff called as a witness one Wheat, who was his sub-contractor in the work of construction of the building in question, and examined him at considerable length, and after the defendant had proceeded for some time with the cross-examination of the witness, the further cross-examination 'was suspended by the adjournment of

the hearing to June 12, 1882,' when the hearing was resumed, and the defendant's counsel called for the witness for further cross-examination. The witness Wheat had, in the meantime, died. He died June eleventh. The defendant's counsel thereupon moved that all of the testimony of the witness be stricken out; also, that if not all be stricken out, then that certain specified portions of his evidence, given upon his direct examination, be stricken out. The referee thereupon did strike out certain portions of the testimony given by the witness upon his direct examination, ' as to which he deemed no cross-examination had been had,' which did not embrace all of that specified by the defendant's counsel in his motion, and allowed the residue to remain. Exception was taken by the defendant.

" The referee properly denied the motion to strike out all the evidence of the witness. The question arises upon the exception to the refusal to strike out the portions permitted to remain of those specified in the defendant's motion. The view of the referee evidently was that the cross-examination taken had relation to the subject of the portions allowed to remain of those embraced within such specifications of the evidence in chief of the witness. While this was correct as to some of it, there were other portions of it that do not seem to have been covered by the cross-examination. A party is entitled to the opportunity and benefit, upon a trial of the cross-examination, of a witness whose testimony in chief has been taken by the adverse party, and, if without his fault, and for causes beyond his control, he is denied that right, the evidence of the direct-examination cannot properly be made available to the party taking it. (*People* v. *Cole*, 43 N. Y., 508; affirming *Cole* v. *People*, 2 Lans., 370.) The burden was with the defendant to make it appear in the case that the motion came within rule which made its denial error. In *Forrest* v. *Kissam* (7 Hill, 463; reversing *Kissam* v. *Forrest*, 25 Wend., 651), where it appeared that at the close of the direct-examination by the defendant of a witness, the further hearing was adjourned by the referees for their own accommodation to a future day, by the consent of the parties, the court held that the death in the meantime of the witness furnished no right to reject the testimony taken in chief. The reasons for the result given by the several members in

the court of errors, who delivered opinions in that case, were not entirely in harmony, and the views of some of them went further than was necessary to support the conclusion adopted upon the facts there presented. And while those views are criticised by the court in *People* v. *Cole* (*supra*), the decision in the Forrest case is not overruled. (See, also, *Burden* v. *Pratt*, 1 T. & C., 554; *Sturm* v. *Atlantic Mut. Ins. Co.*, 63 N. Y., 87; *Hewlett* v. *Wood*, 67 N. Y., 397.) The adjournment must, as in *Forrest* v. *Kissam*, be deemed to have been had with the consent of the defendant, and the opportunity to cross-examine the witness lost without any fault of the plaintiff. The case before us is silent as to the circumstances attending the act of adjournment. And nothing appears showing that the defendant was deprived of the opportunity of then completing the cross-examination if he had desired to do so. And while the day to which the adjournment was taken was Monday, the day of the adjournment does not appear, but the last day of the hearing, as represented by the case, prior to that to which this adjournment was taken was May 17, 1882. We are, therefore, not otherwise than by that advised by the record of the length of time for which the adjournment was taken. In view of the situation presented by the case, no error in the ruling of the referee upon the defendant's motion is made to appear. In the cited case of *Price* v. *Wilson* (67 Barb., 9), the witness, whose evidence in chief was stricken out because he declined or failed to appear and submit to cross-examination, was a party defendant to the action, and his direct-examination had been taken in behalf of the defense. That case is not necessarily applicable to the question presented here."

*Horace L. Bennett*, for the appellant.

*S. D. Bentley*, for the respondent.

Opinion by BRADLEY, J.; HAIGHT and DWIGHT, JJ., concurred; BARKER, P. J., not sitting.

Judgment reversed and new trial ordered, costs to abide event, unless the plaintiff within twenty days stipulates to deduct from the recovery the sum of $150, together with interest on that sum from January 8, 1880, in which event the judgment be so modified, and as so modified affirmed, without costs of this appeal to either party.